**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| ALLEN ASHER, )<br>)<br>        Plaintiff, )<br>  vs. )<br>)<br>BARTHOLOMEW COUNTY PROBATION )<br> DEPARTMENT, )<br>AMBER CLARK, )<br>)<br>        Defendants. ) | 1:06-cv-191-DFH-WTL |

**Entry Discussing Motion For Summary Judgment**

      This action is brought by Allen Asher ("Asher") against the Bartholomew County Probation Department ("BCPD") and Probation officer Amber Clark. Asher asserts claims under both 42 U.S.C. § 1983 and Indiana state law. The defendants seek resolution of Asher's claims through the entry of summary judgment. Asher has not responded to the motion for summary judgment.

      Whereupon the court, having read and considered the pleadings and the motion for summary judgment, and being duly advised, now finds that the defendants' motion for summary judgment must be **granted.** This conclusion rests on the following facts and circumstances:

      1.    "Summary judgment is appropriate where the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Westra v. Credit Control of Pinellas,* 409 F.3d 825, 827 (7th Cir. 2005) (quoting Rule 56(c) of the *Federal Rules of Civil Procedure*). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id*. "'It is well-settled that a party opposing a summary judgment motion must inform the trial judge of the reasons, legal or factual, why summary judgment should not be entered.'" *Sanders v. Village of Dixmoor,* 178 F.3d 869, 870 (7th Cir. 1999) (quoting *Liberles v. County of Cook,* 709 F.2d 1122, 1126 (7th Cir. 1983)).

2. The dispositive and undisputed fact of this case is that all the incidents on which Asher's claims are based occurred while he was on probation, under the supervision of the BCPD and Probation Officer Clark, between April 17, 2003, and September 16, 2003. This lawsuit was filed on January 6, 2006.

3. The statute of limitations applicable to the claims Asher asserts is two (2) years. *Forman v. Richmond Police Department,* 104 F.3d 950 (7th Cir. 1997) ("[T]he two-year Indiana statute of limitations for personal injuries (IND. CODE § 34-1-2-2) applies to § 1983 claims.")(citing *Perez v. Sifel,* 57 F.3d 503, 505 (7th Cir. 1995)). When a § 1983 claim accrues it is an issue of federal law, see *Sellars v. Perry,* 80 F.3d 243, 245 (7th Cir. 1996), and the federal rule is that a claim accrues when the plaintiff knows both the existence and the cause of his injury. *Kelly v. City of Chicago,* 4 F.3d 509, 511 (7th Cir. 1993). Under Indiana law, a cause of action for a personal injury claim accrues and the statute of limitations will begin to run "when the plaintiff knew or, in the exercise of ordinary diligence, could have discovered that an injury had been sustained as a result of the tortious act of another." *Wehling v. Citizens Nat'l Bank,* 586 N.E.2d 840, 843 (Ind. 1992). The last day on which any of Asher's claims could have accrued was September 16, 2003. The complaint was not filed, however, until more than 27 months after that date. Thus, this action was filed more than three (3) months after the expiration of the applicable statute of limitations.

4. On the basis of the foregoing, therefore, the defendants' motion for summary judgment must be **granted insofar as** the motion is based on the argument, and the showing, that the suit was not filed within two (2) years from the date the claims accrued. It is unnecessary to address the defendants' other arguments. The retention of jurisdiction over the pendent state law claims is permissible under 28 U.S.C. § 1367(a). The retention of such jurisdiction is appropriate in this case. *Lawrence v. Kenosha County,* 391 F.3d 837, 844 (7th Cir. 2004). Judgment consistent with this Entry shall now issue.

So ordered.

DAVID F. HAMILTON, Judge
United States District Court

Date: July 3, 2006